**Rudy Gonzalo SOLIS–AILON,**
**Petitioner,**

v.

**U.S. ATTORNEY GENERAL,**
**Respondent.**

**No. 10–10564**
**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Feb. 23, 2011.

Rudy Gonzalo Solis–Ailon, Bonita Springs, FL, pro se.

Nancy E. Friedman, David Bernal, Krystal Samuels, Ana T. Zablah–Monroe, U.S. Department of Justice, Office of Immigration Litigation, U.S. Dept. of Justice EOIR, U.S. Department of Homeland Security, Washington, DC, Michelle Ressler, District Counsel's Office USICE, Miami, FL, for Respondent.

Before TJOFLAT, EDMONDSON and WILSON, Circuit Judges.

PER CURIAM:

Petitioner Rudy Gonzalo Solis–Ailon, a native and citizen of Guatemala proceeding *pro se*, petitions for review of the order by the Board of Immigration Appeals ("BIA") affirming the decision of the Immigration Judge ("IJ"). The IJ's decision denied asylum and withholding of removal.[1] No reversible error has been shown; we dismiss the petition in part and deny it in part.

On appeal, Petitioner argues that he demonstrated extraordinary circumstances sufficient to overcome his failure to file his asylum application within one year of arriving in the United States.[2] But, as the government notes correctly, we lack jurisdiction over this claim. *See Chacon–Botero v. U.S. Attorney General*, 427 F.3d 954, 957 (11th Cir.2005) (explaining that we lack jurisdiction, under 8 U.S.C. § 1158(a)(3), to review an IJ's untimeliness ruling). So, we dismiss the petition for review on asylum.

Petitioner also challenges the IJ's adverse credibility determination. But in his notice of appeal to the BIA, Petitioner did not mention the IJ's adverse credibility determination; and Petitioner filed no brief before the BIA. *See Alim v. Gonzales*, 446 F.3d 1239, 1253 (11th Cir.2006) (to raise properly a claim before the BIA, petitioner must mention the issue in his brief and must discuss its merits, or at least contest the basis for the IJ's decision). Even though the BIA addressed the adverse credibility determination *sua sponte*, we lack jurisdiction to consider Petitioner's present challenge because he did not exhaust his administrative remedies on it. *See Amaya–Artunduaga v. U.S. Attorney Gen.*, 463 F.3d 1247, 1250–51 (11th Cir.2006) (explaining that we lack jurisdiction to consider a claim that an applicant did not raise before the BIA—even if the BIA *sua sponte* addressed the claim—because the applicant did not exhaust administrative remedies). We dismiss the petition for review on the adverse credibility determination.

We have jurisdiction only over the IJ's and BIA's conclusion that Petitioner otherwise had not met his burden of proof for

---

1. Petitioner raises no challenge to the portion of IJ's decision denying relief under the Convention Against Torture; so, that issue is abandoned. *See Sepulveda v. U.S. Attorney Gen.*, 401 F.3d 1226, 1228 n. 2 (11th Cir. 2005).

2. Petitioner arrived in the United States in March 2004 but did not file his asylum application until July 2006.

withholding of removal.[3] Petitioner sought relief from removal based on his political opinion. He alleged that Pablo Escobar Mendez, the mayor of his hometown of Aguacatan, was corrupt and elected through fraud. Many of the townspeople, including Petitioner, protested Mendez's election in a public park; and people who worked for Mendez began attacking people in the crowd. Petitioner alleged that he was beaten at the protest and had to miss one month of work. He also alleged that people who worked for Mendez threatened him and his sister at his mother's house and later threatened his mother after Petitioner had come to the United States. On appeal, Petitioner argues that he and his family were persecuted because of their political beliefs.

We review the BIA's decision in this case because the BIA did not expressly adopt the IJ's decision. *See Al Najjar v. Ashcroft,* 257 F.3d 1262, 1284 (11th Cir. 2001) (noting that we review the BIA's decision; but "[i]nsofar as the [BIA] adopts the IJ's reasoning, we will review the IJ's decision as well"). We review *de novo* legal determinations of the BIA. *Id.* And we review fact determinations under the "highly deferential substantial evidence test" whereby we "must affirm the BIA's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Adefemi v. Ashcroft,* 386 F.3d 1022, 1026–27 (11th Cir.2004) (*en banc*) (citation and internal quotation omitted). We "view the record evidence in the light most favorable to the [BIA's] decision and draw all reasonable inferences in favor of that decision"; and we may reverse the BIA's fact determinations "only when the record compels a reversal." *Id.* at 1027.

The burden of proof is on the alien to show his eligibility for withholding of removal by demonstrating past persecution or a likelihood of future persecution. 8 C.F.R. § 208.16(b); *Sepulveda,* 401 F.3d at 1232. An alien may meet this burden based on his testimony alone, without corroboration or documentation, if he refers to sufficient specific facts to satisfy the trier of fact that he is credible and persuasive. 8 U.S.C. § 1158(b)(1)(B)(ii); *D–Muhumed v. U.S. Attorney Gen.,* 388 F.3d 814, 818–19 (11th Cir.2004). Because the IJ and BIA determined that Petitioner's testimony was not credible and we lack jurisdiction to review this determination, we may reverse the BIA's determination only if corroborating evidence compels a finding that Petitioner was entitled to withholding of removal.

And Petitioner's corroborating evidence, including newspaper articles and country reports, provided only general background information about human rights conditions in Guatemala and about protests to Mendez's election. Nothing demonstrated that Petitioner himself was harmed or likely is to be harmed in the future because of his involvement with the protest of Mendez's election. The affidavit from Petitioner's aunt offered only conclusory statements without specific allegations of harm. So, Petitioner's non-credible testimony did not suffice to meet his burden without corroborating evidence; and Petitioner's corroborating evidence does not compel the conclusion that he is entitled to withholding of removal. We deny the petition for review on withholding of removal.

---

**3.** Before the BIA, Petitioner stated that he was beaten and threatened by a political figure and his followers and that the IJ decided incorrectly because he was persecuted for his political beliefs. Thus, Petitioner exhausted challenges to the denial of withholding of removal on the merits.

PETITION DISMISSED IN PART, DENIED IN PART.